# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

**INDICTMENT**

DAVID C. WILLIAMS

3:19cr104-MCR

/

**THE GRAND JURY CHARGES:**

## COUNT ONE

Between on or about January 1, 2016, and on or about August 15, 2019, in the Northern District of Florida and elsewhere, the defendant,

**DAVID C. WILLIAMS,**

did knowingly use a facility in interstate and foreign commerce, that is, the internet, a telephone line, and a cellular telephone, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, specifically, a prostitution offense in violation of the laws of the state of Florida and the United States, and did thereafter perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT TWO

Between on or about January 1, 2016, and on or about August 15, 2019, in the Northern District of Florida and elsewhere, the defendant,

**DAVID C. WILLIAMS,**

did knowingly transport and attempt to transport an individual in interstate commerce with intent that the individual engage in prostitution.

In violation of Title 18, United States Code, Sections 2421(a) and 2.

## COUNT THREE

Between on or about January 1, 2016, and on or about August 15, 2019, in the Northern District of Florida and elsewhere, the defendant,

**DAVID C. WILLIAMS,**

did knowingly and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection and did attempt to conceal, harbor, and shield from detection, such an alien in buildings and by means of transportation for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

## COUNT FOUR

Between on or about January 1, 2016, and on or about August 15, 2019, in the Northern District of Florida and elsewhere, the defendant,

**DAVID C. WILLIAMS,**

did knowingly combine, conspire, confederate, and agree together and with other persons to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the transfer of monetary instruments in the form of United States currency within a financial institution, the use of money orders and wire transfers, the purchase and lease of vehicles and commercial buildings, and the issuance of checks and use of automated clearing house transactions, involving funds that were proceeds of a specified unlawful activity, that is, using an interstate facility for racketeering purposes as charged in Count One, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2, interstate transportation for purposes of prostitution as charged in Count Two, in violation of Title 18, United States Code, Sections 2421 and 2, and alien harboring as charged in Count Three, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(II), and that the defendant knew to be the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activity, and knowing that these transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of

the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## SEX OFFENSE FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c).

From his engagement in the violations alleged in Counts One and Two, the defendant,

**DAVID C. WILLIAMS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c), all of the defendant's right, title, and interest in any property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as the result of such violations; and pursuant to Title 18, United States Code, Section 2428, all of the defendant's right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation.

The property subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c), includes, but is not limited to, the following:

1. U.S. currency totaling $17,708 and money orders totaling $18,000 seized on or about August 15, 2019, from 126 Shell Avenue in Fort Walton Beach, Florida;

2. U.S. currency totaling $15,000 seized on or about August 15, 2019, from 704 Massachusetts Avenue in Pensacola, Florida;

3. U.S. currency totaling $25,960 seized on or about August 15, 2019, from 7055 Fairfield Drive in Pensacola, Florida;

4. U.S. currency totaling $15,906 and money orders totaling $8,900 seized on or about August 15, 2019, from 211 SW 4th Avenue in Gainesville, Florida;

5. U.S. currency totaling $6,351 seized on or about August 15, 2019, from 696 Warrenton Avenue in Fredericksburg, Virginia;

6. U.S. currency totaling $557.17 seized on or about August 15, 2019, from Bank of America account ending in 0716;

7. U.S. currency totaling $2,122.40 seized on or about August 15, 2019, from Bank of America account ending in 8882;

8. U.S. currency totaling $5,470.84 seized on or about August 15, 2019, from Bank of America account ending in 2593;

9. U.S. currency totaling $5,670.68 seized on or about August 15, 2019, from Bank of America account ending in 9158;

10. U.S. currency totaling $2,363.29 seized on or about August 15, 2019, from Bank of America account ending in 0616;

11. U.S. currency totaling $6,550.18 seized on or about August 15, 2019, from Bank of America account ending in 8477; and

12. U.S. currency totaling $4,366.41 seized on or about August 15, 2019, from Bank of America account ending in 4461.

If any of the property subject to forfeiture as a result of any act or omission of the defendant:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third person;

    iii. has been placed beyond the jurisdiction of this Court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## HARBORING FORFEITURE

The allegations contained in Count Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(6), and Title 8, United States Code, Section 1324(b).

From his engagement in the violation alleged in Count Three, the defendant,

**DAVID C. WILLIAMS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(6), and Title 8, United States Code, Section 1324(b), all of the defendant's interest in any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the offense; any property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense; and all property, real and personal, that was used to facilitate or intended to be used to facilitate the commission of the offense.

The property subject to forfeiture pursuant to Title 18, United States Code, 981(a)(1)(C) and 982(a)(6), and Title 8, United States Code, Section 1324(b), includes, but is not limited to, the following:

1. U.S. currency totaling $17,708 and money orders totaling $18,000 seized on or about August 15, 2019, from 126 Shell Avenue in Fort Walton Beach, Florida;

2. U.S. currency totaling $15,000 seized on or about August 15, 2019, from 704 Massachusetts Avenue in Pensacola, Florida;

3. U.S. currency totaling $25,960 seized on or about August 15, 2019, from 7055 Fairfield Drive in Pensacola, Florida;

4. U.S. currency totaling $15,906 and money orders totaling $8,900 seized on or about August 15, 2019, from 211 SW 4th Avenue in Gainesville, Florida;

5. U.S. currency totaling $6,351 seized on or about August 15, 2019, from 696 Warrenton Avenue in Fredericksburg, Virginia;

6. U.S. currency totaling $557.17 seized on or about August 15, 2019, from Bank of America account ending in 0716;

7. U.S. currency totaling $2,122.40 seized on or about August 15, 2019, from Bank of America account ending in 8882;

8. U.S. currency totaling $5,470.84 seized on or about August 15, 2019, from Bank of America account ending in 2593;

9. U.S. currency totaling $5,670.68 seized on or about August 15, 2019, from Bank of America account ending in 9158;

10. U.S. currency totaling $2,363.29 seized on or about August 15, 2019, from Bank of America account ending in 0616;

11. U.S. currency totaling $6,550.18 seized on or about August 15, 2019, from Bank of America account ending in 8477; and

12. U.S. currency totaling $4,366.41 seized on or about August 15, 2019, from Bank of America account ending in 4461.

If any of the property subject to forfeiture as a result of any act or omission of the defendant:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third person;

    iii. has been placed beyond the jurisdiction of this Court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## MONEY LAUNDERING FORFEITURE

The allegations contained in Count Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1). From the defendant's engagement in the violation alleged in Count Four of this Indictment, the defendant,

**DAVID C. WILLIAMS,**

shall forfeit to the United States of America any and all of the defendant's right, title, and interest in any property, real and personal, involved in such offense, and any property traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following:

1. U.S. currency totaling $17,708 and money orders totaling $18,000 seized on or about August 15, 2019, from 126 Shell Avenue in Fort Walton Beach, Florida;

2. U.S. currency totaling $15,000 seized on or about August 15, 2019, from 704 Massachusetts Avenue in Pensacola, Florida;

3. U.S. currency totaling $25,960 seized on or about August 15, 2019, from 7055 Fairfield Drive in Pensacola, Florida;

4. U.S. currency totaling $15,906 and money orders totaling $8,900 seized on or about August 15, 2019, from 211 SW 4th Avenue in Gainesville, Florida;

5. U.S. currency totaling $6,351 seized on or about August 15, 2019, from 696 Warrenton Avenue in Fredericksburg, Virginia;

6. U.S. currency totaling $557.17 seized on or about August 15, 2019, from Bank of America account ending in 0716;

7. U.S. currency totaling $2,122.40 seized on or about August 15, 2019, from Bank of America account ending in 8882;

8. U.S. currency totaling $5,470.84 seized on or about August 15, 2019, from Bank of America account ending in 2593;

9. U.S. currency totaling $5,670.68 seized on or about August 15, 2019, from Bank of America account ending in 9158;

10. U.S. currency totaling $2,363.29 seized on or about August 15, 2019, from Bank of America account ending in 0616;

11. U.S. currency totaling $6,550.18 seized on or about August 15, 2019, from Bank of America account ending in 8477; and

12. U.S. currency totaling $4,366.41 seized on or about August 15, 2019, from Bank of America account ending in 4461.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1),

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

Redacted per privacy policy

FOREPERSON

9/3/2019

DATE

LAWRENCE KEEFE
United States Attorney

DAVID L. GOLDBERG
Assistant United States Attorney